# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| PATRICIA PORTER KRYDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ESTATE OF JAMES KEMMLER ) | |
| ROGERS, JENNIFER ROGERS- ) | |
| ETCHEVERRY, ) | |
| ) | |
| Defendants. ) | |
| ) | No.: 1:13-cv-00048 |
| JENNIFER ROGERS-ETCHEVERRY, ) | Chief Judge Crenshaw |
| as administrator for the ESTATE OF ) | |
| JAMES KEMMLER ROGERS, ) | |
| ) | |
| Counter-Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PATRICIA PORTER KRYDER, ) | |
| ) | |
| Counter-Defendant. ) | |

## MEMORANDUM OPINION

Notwithstanding this Court's best efforts to resolve the matter once and for all, the seemingly endless saga of the $100,000 Promissory Note continues.

On February 20, 2018, this Court entered an Order that, in pertinent part, reads:

The unopposed Motion for Entry of Order of Voluntary Dismissal of Cause of Action for Unjust Enrichment in Second Amended Counterclaim (Doc. No. 194) filed by Jennifer Rogers-Etcheverry is hereby GRANTED, and that claim is hereby DISMISSED WITH PREJUDICE.

With that ruling, and in light of this Court's November 2, 2017 Order (Doc. No. 178) granting summary judgment on Rogers-Etcheverry's breach of contract claim and request for an equitable lien as set forth in Counts I and III of the Counterclaim, the

1

> Clerk of the Court SHALL ENTER JUDGMENT in favor of Jennifer Rogers-Etcheverry and against Patricia Porter Kryder.
>
> Finally, and as stated in this Court's prior Order, a ruling on Rogers-Etcheverry's request for reasonable attorney's fees, costs and expenses is DEFERRED until the time for filing an appeal has run or, if an appeal is taken, the mandate has issued, at which time the matter will be referred to the Magistrate Judge for a Report and Recommendation.

(Doc. No. 196 at 1-2). In accordance with that Order, the Clerk of the Court entered a final judgment on February 22, 2018, that reads:

> Pursuant to and as stated in the Order of the Court (Docket Entry No. 196), JUDGMENT IS HEREBY ENTERED in favor of Jennifer Rogers-Etcheverry and against Patricia Porter Kryder, for purposes of Rule 58(a) and/or Rule 79(a) of the Federal Rules of Civil Procedure.

(Doc. No. 197 at 1). That same day, Kryder's lawyer, John A. Beam, III of Equitas Alliance, PLLC, filed a Motion to Withdraw (Doc. No. 198) as Kryder's counsel of record.

Despite being the beneficiary of the Court's ruling, Rogers-Etcheverry filed a Motion to Alter or Amend (Doc. No. 200). Thereafter, motions for extensions of time to respond were filed by counsel (Doc. No. 203), and by Kryder acting *pro se* (Doc. No. 203).

On March 21, 2008, new counsel entered notices of appearance on behalf of Kryder (Doc. Nos. 204-207). Two days later, and before any of the pending Motions had been ruled on, Kryder filed a Notice of Appeal (Doc. No. 208). Because the Notice of Appeal was premature, the Sixth Circuit issued a Notice (Doc. No. 210) on March 28, 2018 holding the appeal in abeyance until after this Court's ruling on the pending Motion to Alter or Amend.

By way of this Memorandum Opinion, the Court addresses that Motion. First, however, the Court turns to the Motion to Withdraw because it is an ancillary motion, and remains within the jurisdiction of this Court, notwithstanding the filing of the Notice of Appeal. See Fort Gratiot

Sanitary Landfill, Inc. v. Mich. Dep't of Nat. Res., 71 F.3d 1197, 1203 (6th Cir. 1995) (noting that it is "settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal"); United States v. Williams, No. 05-3293, 2006 WL 3203748, at *6 (6th Cir. Nov. 6, 2006) (same).[1]

### I. Motion to Withdraw

Beam, on behalf of himself and his law firm, moves to withdraw his representation of Kryder on the ground that she has sued him in state court for legal malpractice in relation to this case. Although Local Rule 83.01 requires fourteen days notice to the client prior to filing such a Motion, Beam requests that he be excused from that requirement, and indicates that he duly notified Kryder of his intent to withdraw at the time he filed his Motion. In response, Rogers-Etcheverry claims that she intends to file a Rule 11 Motion against Beam and other counsel who represented Kryder in this action, and therefore requests that, should withdrawal be allowed, the Court retain jurisdiction over Kryder's former lawyer for purposes of any Rule 11 Motion.

A lawyer may not "escape [Rule 11] sanctions for misconduct simply by withdrawing from a case before opposing counsel applies for sanctions." In re Itel Sec. Litig., 791 F.2d 672, 675 (9th Cir. 1986); Logicom Inclusive, Inc. v. W.P. Stewart & Co., No. 04CIV604(CSHDFE), 2008 WL 1777855, at *2 (S.D.N.Y. Apr. 16, 2008) (stating that "withdrawal from the case does not insulate" counsel from Rule 11 sanctions "for pre-withdrawal litigation conduct"). This is because "[t]he signing requirement in Rule 11 makes clear that any attorney who, at any time, certified to the court that a pleading complies with Rule 11 is subject to the rule, even if the attorney later withdraws from

---

[1] Also ancillary are the Motions for Extension of Time (Doc. Nos. 201, 203), but they do not require substantive discussion. Both will be denied as moot because new lawyers have entered appearances for Kryder and they have filed a response to the Motion to Alter or Amend (Doc. No. 211).

3

the case." Holgate v. Baldwin, 425 F.3d 671, 677 (9th Cir. 2005).

Because Beam has been sued by his client, the Court will excuse compliance with Local Rule 83.01, and the Motion to Withdraw will be granted. This ruling, however, does not absolve counsel of responsibility for any Rule 11 Motion filed by Rogers-Etcheverry, and the Court will retain jurisdiction over counsel in the event such a motion is filed.

## II. **Motion to Alter or Amend**

Rogers-Etcheverry brings her Motion to Alter or Amend under Rule 59(e) of the Federal Rules of Civil Procedure (requiring that such motions be filed within 28 day of entry of judgment), and Rule 60(b), which provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Although not specified, the Motion appears to be based upon subsections (1) and (6) of Rule 60(b) because Rogers-Etcheverry argues that amendment is necessary "[i]n the interest of judicial

economy, to avoid piecemeal appeals, to prevent manifest injustice, and/or to correct a clear error, mistake or inadvertence." (Doc. No. 200). More specifically, Rogers-Etcheverry moves to alter or amend the Order and the Judgment "so that an amended Final Judgment can be entered to include the Equitable Lien on the Property and establish the specific amount of damages in the form of the amount of interest owed to Etcheverry under the Note calculated as of the date entry of the Final Judgment by this Court, plus the amount of reasonable attorney's fees, expenses, and costs determined by this Court." (Doc. No. 200 at 1-2). As support, she argues:

> The Agreed Order (Doc. 195), which is a stipulation between the Parties pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), stipulated and agreed that the cause of action for unjust enrichment in the second amended counterclaim is voluntarily dismissed and does not indicate that the dismissal is with prejudice. Fed. R. Civ. P. 41(a)(1)(B) states that "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice." (Emphasis added). Also, the Agreed Order (Doc. 195) set a briefing schedule for the Court to determine the amount of reasonable attorney's fees, costs and expenses, and to calculate the amount of interest to be included in the Final Judgment in this matter, as the parties agreed to go ahead and have the Court determine the amount of attorneys' fees to be included in the Final Judgment so that in the interest of judicial economy any disagreement as to the Court's determination of the amount of attorneys' fees could be appealed simultaneously with any appeal of the summary judgment ruling. Currently, no Order has been entered establishing the damages in this case – the amount of interest owing to Etcheverry under the Note and the amount of reasonable attorney's fees, costs and expenses.

(Id. at 4).

Rogers-Etcheverry's contention that the Agreed Order is a stipulation within the meaning of Fed. R. Civ. P. 41(a)(1)(A)(ii) and required dismissal of her unjust enrichment claim without prejudice is wrong on several counts. For one, and most fundamentally, the Agreed Order was preceded by a "Motion for Entry of Order of Voluntary Dismissal of Cause of Action for Unjust Enrichment in Second Amended Complaint" (Doc. No. 194) that was brought under Rule 41(a)(2), not Rule 41(a)(1)(A)(ii). The Court specifically referenced that Motion in dismissing the unjust

5

enrichment claim with prejudice, and the Motion itself did not request that the claim be dismissed without prejudice. The Agreed Order that followed does not mention Rule 41, or indicate that dismissal should be without prejudice. Instead, it simply stated that "the parties are entering into this agreed order granting the currently pending Motion (Doc. No. 194)," which, as noted, was brought under Rule 41(a)(2). Further, "[a] stipulated dismissal is 'effective automatically' upon filing and requires no further action on behalf of a district court in order to constitute a final judgment, ripe for appeal." In re Brewer, 863 F.3d 861, 868 (D.C. Cir. 2017) (collecting cases). Obviously, an Agreed Order is of no effect unless, and until, it is entered by the Court, which it is was not in this case. See Highway J Citizens Group v. United States Dept. or Trans., ___ F.3d ___, ___, No. 17-1036, Slip op. at 5 (7th Cir. June 5, 2018) (observing that "no one should infer that judges are automata who sign whatever is placed in front of them" and that "[t]hey read and think").

Simply put, the Court was presented with, and ruled on, a motion for voluntary dismissal pursuant to Rule 41(a)(2). Under that Rule, a request for voluntary dismissal may be granted "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). That language "permits the court to 'condition' the grant of a Rule 41(a)(2) motion on dismissal with prejudice." Michigan Surgery Inv., LLC v. Arman, 627 F.3d 572, 576 (6th Cir. 2010).[2] "[T]he purpose of Rule 41(a)(2) is to

---

[2] The Court notes that in Michigan Surgery, the trial court erred in dismissing a case with prejudice without first providing notice after plaintiff specifically requested that the case be dismissed without prejudice. This is in keeping with the holding in United States v. One Tract of Real Prop., 95 F.3d 422, 425 (6th Cir. 1996). Such is not the case here, however, because Rogers-Etcheverry's Motion does not even mention prejudice.

"When a party seeking to voluntarily dismiss a claim pursuant to Rule 41(a)(2) is silent as to whether the dismissal should be with or without prejudice, the district judge is required to interpret the motion one way or the other." GF Gaming Corp. v. City of Black Hawk, Colo., 405 F.3d 876, 888 (10th Cir. 2005) (citation omitted). That is, if the movant "fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the court. The trial court may grant a 41(a) dismissal without prejudice or may require that the dismissal be with prejudice." Wright & Miller, 9 FEDERAL PRACTICE AND PROCEDURE, CIVIL (3d ed.) § 2367 at 551. Thus, for example, in U.S. ex rel Stone v. Rockwell Int'l Corp.,

protect the nonmovant . . . from unfair treatment." Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc., 583 F.3d 948, 953 (6th Cir. 2009).

Given the way the issue was presented and the posture of the case, the Court did not err in dismissing the unjust enrichment claim with prejudice. At the time of dismissal, the case was more than five years old, discovery had long since been completed, numerous dispositive motions had been filed and resolved, and two settlement conferences had proven unsuccessful. All that remained for trial was Rogers-Etcheverry's unjust enrichment claim, and that was scheduled to begin one month after she filed her Motion to Dismiss. Allowing Rogers-Etcheverry to dismiss the unjust enrichment claim without prejudice at such a late stage in the case with the ability to revive the claim and some later time would be unduly prejudicial to Kryder. It would also mean that a trial date was squandered for no readily apparent reason.

Nor did the Court err in deferring ruling on the request for attorney's fees and costs until after any appeal had been completed, or the time for filing a notice of appeal had run. The Supreme Court has held that "a decision on the merits is a 'final decision' [for purposes of appeal] even if the award or amount of attorney's fees for the litigation remains to be determined." Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs, 134 S. Ct. 773, 777 (2014). This is true "[w]hether the claim for attorney's fees is based on a statute, a contract, or both," so long as the fees are for the "litigation in question." Id. at 77-78.

Under the Advisory Committee Notes relating to judgments, "[i]f an appeal on the merits of the case is taken, the [district] court may rule on the claim for fees, may defer its ruling on the

---

282 F.3d 787, 810 (10th Cir. 2002), the trial court did not abuse its discretion in dismissing an action with prejudice where, "[u]nlike [in] One Tract" in which plaintiff "said the dismissal would be without prejudice," . . . the Government made no such statement in its motion," or a "statement the dismissal was with prejudice."

7

motion, or may deny the motion without prejudice[.]" Fed. R. Civ. P. 54(d) Advisory Committee Notes, 1993 Amendments.[3] Thus, "notwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters, including claims for attorneys' fees." Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 225 (2d Cir. 2004).

It has been observed that it is "more efficient for the district court to determine the amount of the fees promptly, so that an appeal could have been taken and consolidated with the appeal from the judgment," but this does "not mean there [i]s any requirement that that process be followed." Barrington Press, Inc. v. Morey, 816 F.2d 341, 343 (7th Cir. 1987). Under some circumstances, "staying the determination of ... attorneys' fees is 'the most efficient course of action[.]" GS CleanTech Corp. v. Adkins Energy, LLC, No. 10 C 4391, 2018 WL 1469001 at *3 (N.D. Ill. March 26, 2018) (quoting Finnegan v. Myers, No. 3:08-CV-503, 2016 WL 7209697, at *2 (N.D. Ind. Dec. 12, 2016). In this regard, many courts have found it prudent for reasons of judicial economy to defer ruling on a request for attorney's fees until after an appeal has been completed. See e.g., Nat'l Farmers' Org., Inc. v. Associated Milk Producers, Inc., 850 F.2d 1286, 1312 (8th Cir. 1988) (observing that "rather than undertaking the time-consuming task of determining a reasonable attorney's fee, only to see the effort overturned on appeal . . . the district court wisely deferred ruling on attorney's fees and costs pending appeal"); Philadelphia Indem. Ins. Co. v. Cent. Terminal Restoration Corp., No. 16-CV-280 T, 2017 WL 3431404, at *2 (W.D.N.Y. Aug. 10, 2017) (holding

---

[3] Some courts "have routinely applied this committee note to costs as well as claims for fees." Apple Inc. v. Samsung Elect. Co., Ltd., 2014 WL 4745933, at *4 (N.D. Cal. Sept. 19, 2014) (collecting cases). In any event, "[t]he decision to proceed with taxation of costs or to defer such taxation pending appeal is at the discretion of the district court." Singleton v. Dep't of Corr. Educ., No. 03-00004, 2003 WL 22299039, at * 1 (W.D. Va. Oct. 3, 2003) (collecting cases). Still, "'a district court deciding not to award costs at the customary stage must provide a valid reason.'" Gandy v. Shelby Cty., No. 04-2919 MA/V, 2007 WL 9710092, at *3 (W.D. Tenn. Aug. 24, 2007) (quoting Holley v. Giles Cty., No. 03-0071, 2005 WL 2230081, at *2 (M.D. Tenn. Sept. 12, 2005)).

that "delaying resolution of [defendant's] request for attorneys' fees until [plaintiff's] appeal on the merits has been decided is the more prudent course of action" because an adverse ruling on the merits by the court of appeals would moot the issue); Casco, Inc. v. John Deere Constr. & Forestry Co., No. CV 13-1325 (PAD), 2017 WL 4226367, at *15 (D.P.R. Mar. 30, 2017) (deferring ruling on motion for attorney fees and costs because "the contested nature of this litigation" made it "reasonable to assume the case will not end here"); United States ex rel. Harper v. Muskingum Watershed Conservancy Dist., No. 5:13CV2145, 2016 WL 1321521, at *1 (N.D. Ohio Apr. 5, 2016) (deferring ruling on request for attorney's fees for several reasons, including that "deciding the motion would have wasted judicial resources" were the court of appeals to reverse); Medison Am., Inc. v. Preferred Med. Sys., LLC, No. 05-2390-V, 2008 WL 11411339, at *2 (W.D. Tenn. Jan. 29, 2008) (finding it "within the best interests of the parties and the interest of judicial economy to defer ruling on the motion to award attorney fees until after the appeal on the merits to the Sixth Circuit has been completed").

Here, the request for fees is based upon the terms of the April 16, 2010 Promissory Note that, in pertinent part, reads;

> The Maker agrees that if this Note is placed in the hands of an attorney for collection or attempting to collect the indebtedness evidenced hereby, the Maker [Kryder] shall pay, on demand, to the Holder hereof [Rogers-Etcheverry] its reasonable attorney's fees, together with all court costs and other expenses paid by such Holder.

(Doc. No. 14-2). This simple and straight-forward language, however, must be placed in the context of a case that "has escalated into a protracted battle with campaigns fought in both state and federal court," where there is "apparent animosity" between the parties, Kryder v. Estate of Rogers, 296 F. Supp. 3d 892, 896 (M.D. Tenn. 2017), and where Kryder has already appealed.

Because of "the lengths to which they will go to prevail on any issue, no matter how

9

insignificant," id. 898 n.2, the Court has no doubt that the arguments about attorney's fees will encompass much more than the typical dispute over the number of hours expended and the reasonable hourly rate. The Court also believes there will be a pitched battle over whether expenditures are properly considered costs under 28 U.S.C. § 1920. It would be an incredible waste of time and judicial resources to decide the attorney's fees issue now only to find out later that this Court's entry of summary judgment in favor of Rogers-Etcheverry was incorrect. And, even if this Court's merits decision is found to be correct, Rogers-Etcheverry would undoubtedly seek fees for the time spent on appeal, meaning that the Court would have to revisit the attorney's fees issue. Rather than deciding an issue that could ultimately be for naught, or deciding it twice, the Court will defer ruling or the request for attorney's fees and costs until after the appeal has run. See Chavez v. Mercantil Commercebank, N.A., No. 10-CV-23244, 2012 WL 12861093, at *3 (S.D. Fla. Aug. 20, 2012) ("In the event judgment is reversed, Defendant would not be entitled to its attorney's fees or costs. And, in the event it is affirmed, Defendant will likely file another round of motions seeking appellate fees. Thus, by deferring ruling, the Court conserves judicial resources.").

Even though much of the same can be said about the assessment of interest, that calculation should be relatively uncomplicated and will only have to be done once regardless of the outcome of the appeal. Further, and unlike fees and costs, "[a] judgment determining liability, but not the specific damages, is not immediately appealable." McManus v. St. Joseph Hosp. Corp., 3 F. App'x 379, 380–81 (6th Cir. 2001) (citing Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 744 (1976)).

The Court did not specify the principal amount in the judgment because, under the terms of the Promissory Note, it is not due until December 31, 2020. As for interest, the Promissory Note provides:

> from the date of the draw through the date of repayment, interest at four (4.00%) per annum on the outstanding unpaid balance until such principal is paid. Interest shall be payable monthly in arrears commencing thirty days after the date of first draw at a place designated by Holder[Rogers-Etcheverry]. All principal and unpaid interest shall be payable at a place designated by the Holder, on or before December 31, 2020.

(Doc. No. 14-2 at 1).

Rogers-Etcheverry calculates the amount of interest due as of the date of filing her Motion to Alter or Amend to be $25,030.24, but Kryder claims to have competent proof showing that the actual amount due at this time is significantly less. In accordance with the parties' request as set forth in the proposed Agreed Order, the Court will hold an evidentiary hearing to determine the amount of interest due and incorporate that into an amended judgment.

That leaves the issue of an equitable lien on Kryder's property. As a part of this Court's ruling on the Motion for Summary Judgment, the parties were ordered "to meet and confer in a good faith effort to arrive at a proposed Order that will place an equitable lien on the property identified in the April 16, 2010 Promissory Note (Doc. No. 14-2) sufficient to secure the interest and principal of the Note, along with reasonable attorney's fees, costs and expenses." (Doc. No. 178 at 2). After some disagreement and delay that prompted the Court to enter an Order to Show Cause (Doc. No. 188), the parties submitted an "Agreed Order Declaring Equitable Lien on 741 South Fork Blue Creek Road, Lynnville, Giles County, Tennessee 38472" (Doc. No. 190). The Court reviewed the Agreed Order upon receipt, and intended to enter it at that time but, through oversight, did not. Contemporaneously with this ruling, the Court will rectify that omission.[4]

Finally, as a part of her Motion to Alter or Amend, Rogers-Etcheverry request that the Court

---

[4] In her response to the Motion to Alter or Amend, Kryder indicates that "she has no objection to this Court entering that Order as written." (Doc. No. 211 at 7).

"order a judicial foreclosure of the property." (Doc. No. 200 at 2). Rogers-Etcheverry cites no authority for her request in her Motion, nor has she established a need for that remedy at this time in light of the equitable lien that will be placed on the property.

### III. Conclusion

In accordance with the foregoing, (1) the Motions for Extension of Time (Doc. Nos. 201, 203) will be denied as moot; (2) the Motion to Withdraw (Doc. No. 198) will be granted (except insofar as Rogers-Etcheverry may file a Motion for Rule 11 sanctions); and (3) the Motion to Alter or Amend (Doc. No. 200) will be granted to the extent that Patricia Porter Kryder requests that the judgment previously entered be amended to include the amount of interest due on the Promissory Note.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE